ROBERT A. DELSMAN, JR.
3809 Little Fairfield street
Eureka, CA 95503
Telephone: (916)799-6374
Fax: (707)441-9541
Email: robdelsman@suddenlink.net
DEFENDANT pro se



FILED
APR 29 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

    Plaintiff,

vs.

ROBERT A. DELSMAN, JR.,

    Defendant

) Case No.: CV 09 1468 SBA
)
)
)
)
)
) **DEFENDANTS MOTION FOR SUMMARY**
) **JUDGEMENT:**
) **IMPROPER VENUE; FAILURE TO JOIN**
) **AN INDISPENSABLE THIRD PARTY**
) **UNDER RULE 19;**

Dated April 27, 2009

Defendant Robert A. Delsman, Jr. "Rob Delsman" makes the following known to the court.  I am a disabled person, for the past three years I have been unable to work or provide for my family, I have been unable to care for myself without the assistance of my physician and my wife.  Plaintiff Sedgwick Claims Management Services, Inc. has been in control of my income for the past three years and has caused me great physical difficulty and financial difficulty to near bankruptcy as a result of their actions.
As such, I am unable to secure the services of an attorney to assist me with this action.  I have neither the financial resources nor legal expertise to prepare for this action.
In the preparation of my case I have had only one hour with the federal court pro bono project as they are very busy helping other persons as well.

Plaintiff Sedgwick Claims Management Services, Inc., (Sedgwick CMS) brings these charges as a Strategic Lawsuit Against Public Participation or (SLAPP). This action is intended to intimidate, harass and terrorize Defendant Rob Delsman and his family by burdening Defendant with the cost of a legal defense which Defendant Rob Delsman cannot afford.

Additionally, Plaintiff Sedgwick CMS brings these charges in an effort to terrorize other sick, injured and disabled persons that have posted their factual stories on websites and blogs

DEFENDANTS MOTION FOR SUMMARY JUDGEMENT - 2

that reside on the internet and maintained by Defendant Rob Delsman. Plaintiff Sedgwick CMS will continue these activities until Defendant Rob Delsman, other sick, injured or disabled persons, sick, injured or disabled women and sick, injured or disabled persons of color are forced to abandon both criticism and opposition to the unlawful and immoral practices implemented by Plaintiff Sedgwick CMS.

Defendant Rob Delsman asserts that the work product of sick, injured and disabled American citizens claimed to be in violation by Plaintiff Sedgwick CMS passes the fair use test under 17 U.S.C. § 107 in that the material is used for criticism, comment, news reporting, teaching, scholarship, satire and parody. Defendant Rob Delsman asserts that the purpose and character of the use, is for nonprofit educational purposes and is noncommercial in nature.

Plaintiff Sedgwick CMS through this complaint has willfully and maliciously violated the First Amendment rights of sick, injured and disabled American citizens and caused original work product produced by sick, injured and disabled American citizens protected under 17 U.S.C.§ 107 to be removed from YouTube, Google and IX webhosting by a false complaint.

Plaintiff Sedgwick CMS through this complaint has willfully and maliciously violated 42 U.S.C § 1981 by actively denying the rights of sick, injured and disabled women and persons of color equal access to the internet as enjoyed by white citizens.

Plaintiff Sedgwick CMS through this complaint has willfully and maliciously violated 42 U.S.C § 1981 and caused original work product produced by sick, injured and disabled women and persons of color to be removed from YouTube, Google and IX webhosting by a false complaint.

Defendant Rob Delsman asserts that the current relationship existing between Plaintiff and Defendant is subject to 29 U.S.C. §§ 1001-1461.the Employee Retirement Income Security Act (ERISA),

Plaintiff Sedgwick CMS through this complaint has used content from Defendant Rob Delsman's websites and weblogs in a context intended to deceive and mislead the court as to the actual content and context. In one example Plaintiff Sedgwick CMS claims that the websites and weblogs promote "racist" and "intolerant", behavior. In actuality the website in question contains court documents that indicate Plaintiff Sedgwick CMS employee, Senior Claims Examiner Gloria Dyer stated that a claimant's mother "was a nigger living high." (Deposition of Judith Mehl, 44:18-19). The Plaintiff in this case was a young man, ventilator dependent quadriplegic and person of color.

Plaintiff Sedgwick CMS through this complaint has willfully and maliciously violated 42 U.S.C § 1981 by actively denying the rights of Darien Smith a ventilator dependent quadriplegic and

DEFENDANTS MOTION FOR SUMMARY JUDGEMENT - 4

person of color by temporality removing his story from the internet but not stories submitted by white citizens.
This information can be viewed at:
http://www.gesupplydiscrimination.com/files/html/sedgwick%20cms.shtml

Plaintiff Sedgwick CMS charges that other equally reprehensible and illegal material can be found at:
http://sedgwickcms.blogspot.com/
I would encourage the court to read and evaluate the stories that have been collected at this location.
-----------------

**Count 1- TRESPASS TO CHATTELS**

Plaintiff Sedgwick CMS asserts in their complaint that they are administering an employee benefits plan for the benefit of General Electric Company "GE" and Metropolitan Life Insurance Company " MetLife" which is subject to 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA). Defendant Rob Delsman agrees that the relationship between Plaintiff Sedgwick CMS and Defendant Rob Delsman is governed by 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA). Defendant Rob Delsman asserts that **TRESPASS TO CHATTELS** alleged by Plaintiff Sedgwick CMS is inappropriate as no such provision for complaint or relief is provided under 29 U.S.C. §§ 1001-1461. There is no prohibition contained in 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA) regarding email messages, postcards, internet postings or other communications sent or received as part of the "denied claims appeal process".

**COUNT 2- COPYRIGHT INFRINGEMENT**
**Plaintiff Sedgwick CMS failure to join an indispensable party under Rule 19.**

Plaintiff Sedgwick CMS asserts that Sedgwick owns the exclusive rights in the copyright for the North and Posey photos and owns the copyright registrations for those photos. Plaintiff Sedgwick CMS states that the photos referred to as Plaintiff exhibits A and B "Posey" "North" copyright was obtained on March

19, 2009 approximately one month after these images were displayed on a blog and website as an independent work product from an unknown author. As such Plaintiff Sedgwick CMS fails to join the indispensable third party that created the content in question.

**COUNT 3- INTERFERENCE WITH PROSPECTIVE ECANOMIC ADVANTAGE Improper Venue.**

Plaintiff Sedgwick CMS claims injury of business relationships with Sears as a foundational issue of their complaint. Plaintiff Sedgwick CMS specifically identifies a postcard in their complaint that was mailed from Medford Oregon to a Sears Benefit Center in Seattle Washington. Medford Oregon is located within the jurisdiction of The United States District Court, District of Oregon not The United States District Court, Northern District of California.

**Plaintiff Sedgwick CMS failure to join an indispensable party under Rule 19.**

Sedgwick CMS fails to join the party in Medford Oregon responsible for the work product and dissemination of the postcard as part of their complaint.
Defendant Rob Delsman asserts that the postcard is not Defendant Rob Delsman's work product, Defendant Rob Delsman has not been to Medford Oregon, Defendant Rob Delsman knows no persons in Medford Oregon, and Defendant Rob Delsman has been unable to

travel outside of Humboldt County California for approximately one year due to health conditions.

Plaintiff Sedgwick CMS claims injury of business relationships with Costco as a foundational issue of their complaint. Sedgwick CMS specifically identifies a postcard that was mailed to Costco located in Murray Utah from an unknown source. Defendant Rob Delsman asserts that the postcard is not Defendant Rob Delsman's work product nor was posted by Defendant Rob Delsman. Sedgwick CMS fails to join the author of the work product received by Costco in Murray Utah as part of their complaint.

Plaintiff Sedgwick CMS alleges loss of $75,000 on an <u>estimate of anticipated earnings</u> from Sears Holdings and Costco and not <u>substantiated fact</u>.  There is no evidence that Sears or Costco terminated business relationships with Plaintiff Sedgwick CMS by means or reasons other than business necessity.

**COUNT 4- TRADE LIBEL**
**Plaintiff Sedgwick CMS failure to join an indispensable party under Rule 19.**

Plaintiff Sedgwick CMS asserts in their complaint that they are administering an employee benefits plan subject to 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA)on behalf of clients identified as defendants currently listed in the Justia Federal District Court Filings and Dockets system.

Currently Plaintiff Sedgwick CMS is named as Defendant Sedgwick CMS in approximately 50 complaints for violations 29 U.S.C. §§ 1001-1461 of The Employee Retirement Income Security Act of 1974 (ERISA).

Plaintiff Sedgwick CMS has failed to join those specific Plaintiffs listed in the Justia Federal District Court Filings and Dockets system that have contributed original work product, stories or comments to the websites or blogs maintained on the internet by Defendant Rob Delsman.

Defendant Rob Delsman asserts that **TRADE LIBEL** alleged by Plaintiff Sedgwick CMS is inappropriate as no such provision for complaint or relief is provided under 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA).

**COUNT 5- DEFAMATION AND LIBEL**
**Plaintiff Sedgwick CMS failure to join an indispensable party under Rule 19.**

Defendant Rob Delsman asserts that the content contained on websites, blogs and editorials are the works of sick, disabled and injured persons "telling their stories and experiences" in regards to Plaintiff Sedgwick CMS and not the work product of Defendant Rob Delsman. Plaintiff Sedgwick CMS has failed to join those indispensable parties.

Plaintiff Sedgwick CMS states in their complaint that they are administering an employee benefits plan for the benefit of General Electric Company "GE" and Metropolitan Life Insurance Company " MetLife" that is subject to 29 U.S.C. §§ 1001-1461 The

Employee Retirement Income Security Act of 1974 (ERISA). Defendant Rob Delsman agrees that the relationship between Plaintiff Sedgwick CMS and Defendant Rob Delsman are governed by 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA).

Defendant Rob Delsman asserts that **DEFAMATION AND LIBEL** alleged by Plaintiff Sedgwick CMS are inappropriate as no such provision for complaint or relief is provided under 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA).

## COUNT 6- UNFAIR COMPETITION
**Plaintiff Sedgwick CMS failure to join an indispensable party under Rule 19.**

Defendant Rob Delsman asserts that the content contained on websites, blogs and editorials are the works of sick, disabled and injured persons "telling their stories and experiences" in regards to Plaintiff Sedgwick CMS and not the work product of Defendant Rob Delsman.

Sedgwick CMS asserts that Sedgwick owns the exclusive rights in the copyright for the North and Posey photos and owns the copyright registrations for those photos. Plaintiff Sedgwick CMS states that the photos referred to as Plaintiff exhibits A and B "Posey" "North" copyright was obtained on March 19, 2009 approximately one month after these images were displayed on a blog and website as an independent work product from an unidentified authors. As such Plaintiff Sedgwick CMS fails to join the indispensable third party.

Plaintiff Sedgwick CMS asserts in their complaint that they are administering an employee benefits plan for the benefit of General Electric Company "GE" and Metropolitan Life Insurance Company " MetLife" which is subject to 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA). Defendant Rob Delsman agrees that the relationship between Plaintiff Sedgwick CMS and Defendant Rob Delsman is governed by 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA). Defendant Rob Delsman asserts that **UNFAIR COMPETITION** alleged by Plaintiff Sedgwick CMS is inappropriate as no such provision for complaint or relief is provided under 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA).

Further, Plaintiff Sedgwick CMS assertion that Defendant Rob Delsman has violated California Business and Profession Code Section 17200 is mute because 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA) preempts state law in regards to administration of benefits programs subject to 29 U.S.C. §§ 1001-1461 The Employee Retirement Income Security Act of 1974 (ERISA).

------------------

WHEREFORE, defendant Rob Delsman prays that this court enter summary judgment in favor of Rob Delsman and against Sedgwick CMS and as follows:

- for a permanent injunction prohibiting Plaintiff Sedgwick CMS from threatening, terrorizing or retaliating against any persons that place their work product or factual accounts on websites or weblogs maintained by Rob Delsman;
- for an order requiring Plaintiff Sedgwick CMS to notify YouTube, Google and IX webhosting with notice of summary judgment of the complaint within 5 days;
- for sanctions against Plaintiff Sedgwick CMS resulting from egregious behavior in filing a Strategic Lawsuit Against Public Participation or (SLAPP). The sole intent of this action is intended to intimidate, harass and terrorize Defendant Rob Delsman, sick, injured and disabled women and people of color until they are forced to abandon both criticism and opposition to the unlawful and immoral practices implemented by Plaintiff Sedgwick CMS.

Dated: 4/27/09

Respectfully submitted,

Robert A. Delsman, Jr.