HARVEY SISKIND LLP
Ian K. Boyd (SBN 191434)
Email: iboyd@harveysiskind.com
Seth I. Appel (SBN 233421)
Email: sappel@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone:   (415) 354-0100
Facsimile:    (415) 391-7124

LOCKE LORD BISSELL & LIDDELL LLP
Paul C. Van Slyke, admitted *pro hac vice*
Email: pvanslyke@lockelord.com
3400 JPMorgan Chase Tower, 600 Travis
Houston, Texas 77002
Telephone:   (713) 226-1406
Facsimile:    (713) 229-2516

Gregory T. Casamento, admitted *pro hac vice*
Email: gcasamen@lockelord.com
885 Third Avenue
New York, New York 10022
Telephone:   (212) 947-4700
Facsimile:    (212) 812-8346

Attorneys for Plaintiff
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., <br><br> Plaintiff <br><br> v. <br><br> ROBERT A. DELSMAN, JR. <br><br> Defendant. | Case No.: C 09-1468 SBA <br><br> **OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, IMPROPER VENUE, FAILURE TO JOIN AN INDISPENSABLE THIRD PARTY UNDER RULE 19** <br><br> Honorable Saundra Brown Armstrong <br><br> Date:    July 14, 2009 <br> Time:   1:00 p.m. <br> Place:  Courtroom 3 |

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT    Case No. C 09-1468 SBA

**TABLE OF CONTENTS**

Page

INTRODUCTION ..............................................................................................................................1

ARGUMENT....................................................................................................................................1

    A.    The Anti-SLAPP Statute Does Not Apply..............................................................2

        i.    Delsman has failed to make a *prima facie* showing ...................................3

        ii.    Sedgwick has demonstrated a probability of prevailing ............................4

    B.    Delsman Does Not Pass the Fair Use Test Under 17 U.S.C. § 107 ........................6

    C.    Sedgwick's Claims are Not Preempted by ERISA ..................................................9

    D.    Sedgwick Has Joined All Necessary Parties..........................................................10

    E.    Venue in This Court is Proper ...............................................................................12

    F.    Plaintiff Has Not Violated 42 U.S.C. § 1981 ..........................................................13

CONCLUSION................................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.D. v. CA Highway Patrol*
  No. C 07-5483 SI, 2009 WL 733872, *2-*3 (N.D. Cal. March 17, 2009) ..................................11

*Aetna Cas. And Surety Co. v. Centennial Ins. Co.*
  838 F.2d 346, 351 (9th Cir. 1988) ............................................................................................5

*Allied Health Ass., Inc. v. Arthrocare Corp.*
  No. C 05-04276 JF (RS), 2009 WL 1424509, *9 (N.D. Cal. May 20, 2009)...............................5

*Board of Trustees of the Laborers Health & Welfare Trust Fund for Northern Cali.*
  *v. Doctors Med. Center of Modesto, Inc.*
  No. C-07-1740 EMC, 2007 WL 2385097, *5 (N.D. Cal. Aug. 17, 2007)....................................9

*Brosnan v. Florida*
  No. C08-5216 BZ, 2009 WL 763528, *1 (N.D. Cal. March 23, 2009) .......................................5

*Browne v. McCain*
  No. CV 08-05334-RGK (Ex), 2009 WL 483212, *5 (C.D. Cal. Feb. 20, 2009).......................6, 7

*CA Closet Co., Inc. v. Ebben*
  No. C 08-0625, 2008 WL 1766767, *7 (N.D. Cal. April 15, 2008)............................................13

*Coupons, Inc. v. Stottlemire*
  No. CV 07-03457 HRL, 2008 WL 3245006, *4 (N.D. Cal. July 2, 2008)...................................5

*Crab Boat Owners Assoc. v. Hartford Ins. Co. of the Midwest*
  No. C03-05417 MHP, 2004 WL 2600455, *3 (N.D. Cal. Nov. 15, 2004)...................................5

*Dawe v. Corrections USA*
  No. CIV. S-07-1790 LKK/EFB, 2009 WL 1420969, *13-*17 (E.D. Cal. May 20, 2009)............3

*Denes v. Travelers Indemnity Co.*
  No. C 07-4811 CW, 2008 WL 449879, *5-*6 (N.D. Cal. Feb. 15, 2008)...................................10

*Dishman v. UNUM Life Ins. Co. of America*
  269 F.3d 974, 979-84 (9th Cir. 2001) ........................................................................................9

*Duncan v. Cohen*
  No. C 08-2243 BZ, 2008 WL 2891065 (N.D. Cal. July 22, 2008)..........................................4, 5

*Int-Elect Engineering, Inc. v. Clinton Harley Corp.*
  No. C-92-20718 JW, 1993 WL 557639, *2 (N.D. Cal. June 24, 2003) ......................................7

*Leisek v. Brightwood Corp.*
  278 F.3d 895, 898 (9th Cir. 2002) ..................................................................................1

*Los Angeles Times v. Free Republic*
  No. CV 98-7840 MMM (AJWx), 2000 WL 565200, *1, *5 (C.D. Cal. April 4, 2000)............7, 8

*Maddox v. County of San Mateo*
  746 F. Supp. 947, 955 (N.D. Cal. 1990) ..........................................................................2

*Manufactured Home Communities Inc. v. County of San Diego*
  544 F.3d 959, 963-64 (9th Cir. 2008) ..............................................................................6

*Mintel Learning Tech., Inc. v. Beijing Kaidi Edu.*
  No. C 06-7541 PJH, 2007 WL 2288329, *12-*14 (N.D. Cal. Aug. 9, 2007)...........................11

*Mitchel v. City of Santa Rosa*
  No. C 08-02698 SI, 2008 WL 4534050, *2 (N.D. Cal. Oct. 7, 2008) ................................2, 4

*Oculus Innovative Sciences, Inc. v. Nofil Corp.*
  No. C 06-01686 SI, 2007 WL 205068, *2 (N.D. Cal. Jan 25, 2007)................................11, 12

*Providence Health Plan v. Mcdowell*
  385 F.3d 1168, 1172 (9th Cir. 2004) ...............................................................................10

*Religious Technology Center v. Netcom On-Line Comm. Services, Inc.*
  No. C-95-20091 RMW, 1997 WL 34605244, *3 (N.D. Cal. Jan. 6, 1997).............................7, 8

*Shade v. Gorman*
  No. C 08-3471 SI, 2009 WL 196400, *6 (N.D. Cal. Jan. 28, 2009)................................2, 4

*Sullivan v. U.S. Dep't of Navy*
  365 F.3d 827, 832 (9th Cir. 2004) ..................................................................................2

*Tawfik v. Southwest Airlines, Inc.*
  No. C-98-3263 VRW, 1999 WL 243619, *2 (N.D. Cal. April 22, 1999) .............................13

**Rules**

Federal Rules of Civil Procedure, Rule 19(a)(1) ......................................................................1, 11

**Statutes**

17 U.S.C. § 107............................................................................................................2, 6, 7

28 U.S.C. § 1391(a)(2)......................................................................................................12

28 U.S.C. § 1391(b)(2) ......................................................................................................12

HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

29 U.S.C. § 1132(a) ..........................................................................................................................9

42 U.S.C. § 1981 ............................................................................................................................13

Cal. Code Civ. Proc. § 425.16(b)(1) ................................................................................................2

Cal. Code Civ. Proc. § 425.16(e) ..................................................................................................3, 4

HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

Plaintiff Sedgwick Claims Management Services, Inc. ("Sedgwick" or "Plaintiff") hereby submits its opposition to the Motion for Summary Judgment; Improper Venue; Failure to Join an Indispensable Third Party Under Rule 19 [Docket # 21] (the "Motion"),[1] filed by defendant Robert A. Delsman, Jr. ("Delsman" or "Defendant").

## INTRODUCTION

As is more fully set forth in the First Amended Complaint [Docket # 5] (the "Complaint"),[2] Delsman has infringed Sedgwick's copyrights, defamed Sedgwick, trespassed on Sedgwick's property, and harassed Sedgwick and its employees. While Delsman now claims, with no basis whatsoever and no submitted evidence, that his tortious and unlawful acts are protected by California's anti-SLAPP statute and/or the Copyright Fair Use Test, such arguments are meritless. Delsman's attempt to shield his illegal actions behind statutes designed to protect the public is nothing short of disingenuous. These laws do not make immune Delsman's wrongful acts of copyright infringement, defamation, trespass, or harassment. In addition, Delsman's arguments that Sedgwick's claims are either (i) preempted by ERISA, (ii) incomplete for failure to join indispensible parties, and/or (iii) brought in a Court in which venue is improper, are meritless, as will be further shown below. Separately, since Delsman has not submitted any evidence in support of his grounds for summary judgment, the Motion should be denied for lack of evidence alone. Accordingly, this Court should deny Delsman's Motion in its entirety.

## ARGUMENT

In determining a motion for summary judgment, the court must consider all evidence in the light most favorable to the non-moving party. *See, e.g., Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Id.* "The court must not weigh the evidence … or make credibility

---

[1] Although Delsman has titled the Motion as a Motion for Summary Judgment, he has submitted no evidence in support of any of his claims, and as such it has the practical effect of a motion to dismiss. Several of the defenses raised by Delsman, such as the Fair Use Test, are not appropriately determined on a motion to dismiss, as will be further discussed below.

[2] The Complaint is verifiedในParagraph 2 of the accompanying Declaration of Frank Huffman (the "Dec. of Huffman").

-1-

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT     Case No. C 09-1468 SBA

HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

determinations in evaluating a motion for summary judgment." *Sullivan v. U.S. Dep't of Navy*, 365 F.3d 827, 832 (9th Cir. 2004). Where there is a genuine issue of material fact, summary judgment must be denied. *See, e.g., Maddox v. County of San Mateo*, 746 F. Supp. 947, 955 (N.D. Cal. 1990).

As further set forth below, Delsman's Motion must be denied because: (a) California's Anti-SLAPP Statute does not apply to the case at hand, (b) Delsman's conduct does not pass the Fair Use Test under 17 U.S.C. § 107, (c) Sedgwick's claims are not preempted by ERISA, (d) Sedgwick has joined all necessary parties, and (e) venue in this Court is proper. In the alternative, the Motion must be denied because Delsman has failed to submit any evidence in support of his motion, other than unsupported allegations, and genuine issues of material fact exist as to each of Sedgwick's defenses.

### A. The Anti-SLAPP Statute Does Not Apply

The California "Anti-SLAPP" (strategic lawsuit against public participation) statute:

> [P]ermits defendants to bring a "special motion to strike" if a cause of action against them arises "from any act … in furtherance of the … right of petition or free speech … in connection with a public issue," unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

*Shade v. Gorman*, No. C 08-3471 SI, 2009 WL 196400, *6 (N.D. Cal. Jan. 28, 2009) (finding that plaintiff made sufficient showing to defeat defendant's anti-SLAPP motion); *see also* Cal. Code Civ. Proc. § 425.16(b)(1).

"In evaluating an anti-SLAPP motion, courts engage in a two part inquiry. First, a defendant must make an initial *prima facie* showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech…. [If] the defendant [makes] a *prima facie* showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Id.* (internal citations omitted); *see also Mitchel v. City of Santa Rosa*, No. C 08-02698 SI, 2008 WL 4534050, *2 (N.D. Cal. Oct. 7, 2008).

i. Delsman has failed to make a *prima facie* showing.

Delsman has failed to make a *prima facie* showing, or any showing at all given that Delsman has submitted no evidence, that Plaintiff's suit arises from an act in furtherance of Delsman's rights of petition or free speech. Cal. Code Civ. Proc. § 425.16(e) defines four categories of protected free speech.[3] Delsman fails to specify which category his conduct falls under, no doubt because his conduct does not fall under any category.

It is clear that Delsman's acts do not fall into one of the first three categories of protected free speech in California. Delsman would likely argue his actions were undertaken "in connection with a public issue or an issue of public interest" (the fourth category). However, rather than publish true statements on his website about Sedgwick's management of his claims, Delsman (i) made defamatory and derogatory comments about Sedgwick on his blogs[4] and in emails (Complaint, ¶23), (ii) unlawfully copied and posted/published Sedgwick's copyrighted photos (Complaint, ¶24), and (iii) mailed defamatory postcards bearing Sedgwick's copyrighted photos, in violation of a copyright holder's exclusive rights of public distribution, to Sedgwick's employees and customers (Complaint, ¶¶30-31, 33, 35). Delsman's actions are not those of an individual furthering public interest; they are the actions of an individual engaging in harassment, intimidation, defamation and trespass for the sake of pursuing a personal vendetta. Accordingly the Motion should be denied. *See, e.g., Dawe v. Corrections USA*, No. CIV. S-07-1790 LKK/EFB, 2009 WL 1420969, *13-*17 (E.D. Cal. May 20, 2009) (denying motion to strike under anti-SLAPP statute and noting that an allegedly defamatory email was not "speech or petition … in connection

---

[3] Cal. Code Civ. Proc. § 425.16(e) provides that: "[a]s used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

[4] *See* Complaint, p. 2, n. 1.

-3-

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT         Case No. C 09-1468 SBA

with a public issue or an issue of public interest" but rather represented "a private dispute between private parties"); s*ee also Mitchel*, 2008 WL 4534050, *3 (finding that defendant's act was not protected under Cal. Code Civ. Proc. § 425.16(e) and accordingly denying defendant's motion to strike under SLAPP).

Second, and to the extent that Delsman's actions might constitute protected behavior under SLAPP, Sedgwick does not seek to restrain that protected behavior. Sedgwick does not seek to restrict Delsman's ability to express his views; rather Sedgwick seeks to stop Delsman's copyright infringement, defamation, and trespass. This case is similar to *Duncan v. Cohen*, No. C 08-2243 BZ, 2008 WL 2891065 (N.D. Cal. July 22, 2008), in which plaintiff sought to restrain defendants' use of plaintiff's copyrighted book to make a film about the environment. Although defendants contended that the "suit [was] an attempt to limit the exercise of their rights of free speech on a matter of public interest – the 'message of environmental activism …'", the Court disagreed: "[Plaintiff's] suit does not prevent the [defendants] from making a … film about environmental activism … as long as the film does not use the copyrighted story or title." *Id.* (denying defendants' SLAPP motion). Similarly, in this instance, Delsman may express his viewpoint; all Sedgwick's Complaint seeks is that Delsman not infringe copyrights, defame, and trespass in doing so.

### ii. Sedgwick has demonstrated a probability of prevailing.

Separately, Delsman's anti-SLAPP motion should be denied because Sedgwick has demonstrated a probability of prevailing on the challenged claims:

> The California Supreme Court has emphasized that the plaintiff's burden [to defeat defendant's anti-SLAPP motion] is minimal. [I]n order to establish the requisite probability of prevailing … the plaintiff need only have stated and substantiated a legally sufficient claim… Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain favorable judgment if the evidence submitted by the plaintiff is credited.

*Shade*, 2009 WL 196400, *6.

The Complaint is legally sufficient, and each of Sedgwick's five state law claims[5] is supported by a sufficient prima facie showing of facts to sustain favorable judgment.[6] Sedgwick has provided examples in the First Amended Complaint to the Court, from which the Court can take judicial notice of:

- the false, defamatory and unprivileged statements posted/published on Delsman's website (Complaint, ¶¶24, 29, 32),
- the locations and times that Delsman engaged in intentional interference with the possession of personal property (trespass to chattels) (Complaint, ¶¶30-31),
- Sedgwick's ownership of the copyright in the relevant photos (Complaint, ¶9; Dec. of Huffman, ¶3),
- details on Delsman's violation of its exclusive rights in Sedgwick's copyrighted materials without Sedgwick's authorization or consent (Complaint, ¶¶9, 24-25, 30),

---

[5] The anti-SLAPP defense does not apply to Sedgwick's federal claim for copyright infringement. *See, e.g., Duncan*, 2008 WL 2891065, *1 (noting that "[a]s an initial matter, California's anti-SLAPP statute does not apply to [plaintiff's] federal claims … [t]he anti-SLAPP motion is therefore denied as to the federal claim[] for copyright infringement").

[6] "[U]nder California tort law, trespass to chattels 'lies where an intentional interference with the possession of personal property has proximately caused injury.'" *Crab Boat Owners Assoc. v. Hartford Ins. Co. of the Midwest*, No. C03-05417 MHP, 2004 WL 2600455, *3 (N.D. Cal. Nov. 15, 2004).

"In order to state a cause of action for intentional interference with prospective economic advantage, a plaintiff must plead the following elements: (1) an economic relationship which offered the probability of future economic benefit to plaintiff; (2) defendants' knowledge of this relationship; (3) defendants' intentional acts designed to disrupt that relationship; (4) actual disruption of the relationship; and (5) economic harm to plaintiff proximately caused by defendants' acts." *Brosnan v. Florida*, No. C08-5216 BZ, 2009 WL 763528, *1 (N.D. Cal. March 23, 2009).

"The cause of action for trade libel … requires: (1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages [i.e. pecuniary loss]." *Aetna Cas. And Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988).

"The elements of the defamatory torts of libel and slander are '(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'" *Allied Health Ass., Inc. v. Arthrocare Corp.*, No. C 05-04276 JF (RS), 2009 WL 1424509, *9 (N.D. Cal. May 20, 2009).

Finally, "[c]ommon law unfair competition has four elements: (1) a substantial investment of 'time, skill or money in developing property'; (2) appropriation and use of the property by another company at little or no cost; (3) the appropriation and use of the 'property was without the authorization or consent'; and (4) injury by the appropriation and use by the other company." *Coupons, Inc. v. Stottlemire*, No. CV 07-03457 HRL, 2008 WL 3245006, *4 (N.D. Cal. July 2, 2008).

-5-

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   Case No. C 09-1468 SBA

- interference with Sedgwick's economic relationships with its customers and prospective customers which offered the probability of future economic benefit to Sedgwick (Complaint, ¶33-35, Dec. of Huffman, ¶¶5-6),

- Delsman's intentional acts designed to disrupt those relationships (Complaint, ¶¶33-35, Dec. of Huffman, ¶¶5-6), and

- Sedgwick's resulting damages from all of Delsman's tortious acts (Complaint, ¶¶39-41, Dec. of Huffman, ¶4).

As such, Sedgwick has met its burden. *See, e.g., Manufactured Home Communities Inc. v. County of San Diego*, 544 F.3d 959, 963-64 (9th Cir. 2008) (reversing district court's motion to strike tort claims under the anti-SLAPP law, where the statement giving rise to claims of defamation and intentional interference with prospective economic advantage "refer[ed] to specific circumstances and times [and was] therefore … susceptible of interpretation as a provably false assertion of fact."); *see also Browne v. McCain*, No. CV 08-05334-RGK (Ex), 2009 WL 483212, *5 (C.D. Cal. Feb. 20, 2009) (denying defendant's anti-SLAPP motion and noting that as "courts that have interpreted [the 'probability of success'] term have stated that only a suit lacking even minimal merit would not satisfy the standard, the Court will adopt the more lenient meaning of the term 'probability,' such that Plaintiff needs to show a mere possibility of success on his claim to survive [defendant's] Anti-SLAPP motion").

Because Delsman has not made a *prima facie* showing that the suit arises from an act in furtherance of his right of petition or free speech, and separately because Sedgwick has met its burden of demonstrating a probability of prevailing on the challenged claims, Delsman's Motion must be denied.

**B.   Delsman Does Not Pass the Fair Use Test Under 17 U.S.C. § 107**

Next, Delsman incorrectly claims that his work product passes the fair use test under 17 U.S.C. § 107. (Motion, p. 3). The fair use doctrine:

> [P]ermits the reproduction of copyrighted works for certain purposes. Section 107 sets forth four nonexclusive factors to be considered in determining whether a defendant's copying is in fair use: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for non-profit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted

-6-

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT       Case No. C 09-1468 SBA

work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

\* \* \*

[D]efendants carry the burden of proof on the issue.

*Los Angeles Times v. Free Republic*, No. CV 98-7840 MMM (AJWx), 2000 WL 565200, \*1, \*5 (C.D. Cal. April 4, 2000) (finding that defendants were not entitled to assert fair use defense to claims of copyright infringement alleged in the complaint); *see also Religious Technology Center v. Netcom On-Line Comm. Services, Inc.*, No. C-95-20091 RMW, 1997 WL 34605244, \*3 (N.D. Cal. Jan. 6, 1997).

First and foremost, the question of whether Delsman's use passes the Fair Use Test cannot be appropriately decided by the Court at this point in the proceedings. Although Delsman titled his Motion as a Motion for Summary Judgment, he submitted no evidence in support of the Motion, and accordingly it has the practical effect of a motion to dismiss.[7] "[I]n light of a court's narrow inquiry at [the motion to dismiss] stage and limited access to all potentially relevant and material facts needed to undertake the analysis [of whether the Fair Use Test is met], courts rarely analyze fair use on a … motion" to dismiss. *Browne*, 2009 WL 483216 at \*4; *see also Int-Elect Engineering, Inc. v. Clinton Harley Corp.*, No. C-92-20718 JW, 1993 WL 557639, \*2 (N.D. Cal. June 24, 2003) (denying motion to dismiss based upon Fair Use Test and noting that "defenses such as the fair use doctrine involve a more detailed analysis of the facts at issue and are best resolved by summary judgment motions or adjudication at trial"). As such, the Court should hold that, until Sedgwick is permitted further discovery, that portion of the Motion that relies upon the Fair Use Test is denied.

Separately, if the Court determines that it has sufficient facts to issue a ruling upon this issue, the Court should deny Delsman's Motion because the limited facts known to Plaintiff support Sedgwick. The first factor listed by the *Los Angeles Times* court weighs in Sedgwick's favor because (i) Delsman is, in most instances, reproducing the copyrighted photos without transforming them, *see, e.g., Los Angeles Times*, 2000 WL 565200, \*6 (noting that "at least some of the items

---

[7] In addition, and without submitting the necessary evidence, Delsman clearly has not met his burden of proof on this issue.

-7-

1 posted on the … website are exact copies"), (ii) the copying of the photos is not necessary to meet Delsman's apparent purpose of expressing his frustration with Sedgwick, *see, e.g., id.* at *8 ("even where copying serves the 'criticism, comment and new reporting' purposes highlighted in § 107, its extent cannot exceed what is necessary to the purpose"), and (iii) although Delsman's use of the photos is not purely commercial, he nonetheless "stands to profit from exploitation of the copyrighted material without paying the customary price" in encouraging both companies and consumers not to use Sedgwick as a third party administrator. *Id.* at *12.

The third factor weighs in Sedgwick's favor because, again, "exact copies of [the relevant photos] are posted to [Delsman's website and postcards]" – i.e., Delsman is using the entire work. *Id.* at *16; see also Religious Technology Center*, 1997 WL 34605244 at *5 (rejecting defendant's argument "that in evaluating the percentage used in any given posting, the court should not consider the works individually but as integral components of a larger work").

Finally, the fourth factor weighs in Sedgwick's favor because Delsman's alteration, public display of the altered photographs and public distribution of the same have injured Sedgwick's potential ability to continue to use the photos of its CEO and CFO for future marketing purposes. As such Sedgwick has suffered "market harm caused by the [Defendant's] use" of the photographs. *Id.* at *17; see also Dec. of Huffman, ¶¶4-6; Complaint, ¶¶39-41. In violation of a copyright holder's exclusive right of adaptation and public distribution, Delsman has altered the photograph of Sedgwick's CEO and COO so that they morph into images of Adolph Hitler and Heinrich Himmler, and then published those altered photographs on his blog. *See* Complaint, ¶12. Delsman has also changed the area surrounding the photograph to indicate that Sedgwick's president was a wanted criminal, and then sent that altered photograph through the U.S. mail system to, among other locations, Sedgwick's president's home, Sedgwick's employees and Sedgwick's customers. *See* Complaint, ¶30. Since those photographs are now tainted with the stigma of association with Delsman and his unsavory behavior, the commercial value of that photograph is reduced and Sedgwick is less likely to use the photographs again for commercial purposes. Dec. of Huffman, ¶4.

-8-

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT     Case No. C 09-1468 SBA

As set forth above, the Court should hold that Delsman's use of the photographs does not meet the Fair Use Test since (i) Delsman bears the burden of proof on the issue; (ii) Delsman has submitted no evidence in support of his position; and (iii) whether or not the Fair Use Test is met is a factual question improperly decided on a motion lacking evidence.  If, however, the Court chooses to consider the limited evidence that has been placed before it, that evidence demonstrates that Delsman's use does not meet the Fair Use Test.

### C. Sedgwick's Claims are Not Preempted by ERISA

Sedgwick's claims, including those for which there is no provision for complaint or relief provided under ERISA, are properly brought in this action.  Contrary to Delsman's statements, (*see, e.g.,* Motion p. 6), Sedgwick does not ever assert that Sedgwick and Delsman's relationship is governed by ERISA.  Even if Sedgwick had, however, such assertion would be irrelevant given the rule for preemption by ERISA, which is as follows:

> A dispute is preempted by § 502(a) of ERISA [only] if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and *where there is no other independent legal duty that is implicated by a defendant's actions* …  An otherwise preempted claim may survive to the extent that it relies on a theory independent of the benefit plan.

*Board of Trustees of the Laborers Health & Welfare Trust Fund for Northern Cali. v. Doctors Med. Center of Modesto, Inc.*, No. C-07-1740 EMC, 2007 WL 2385097, *5 (N.D. Cal. Aug. 17, 2007) (emphasis added; internal citations omitted) (finding that assertion of preemption by ERISA failed because the party "disavowing any claim for benefits … relie[d] on a theory that [was] 'independent of the benefit plan,' … and 'non-derivative and independent of those which the [participant] may have had.'").

Thus, in *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 979-84 (9th Cir. 2001), the Ninth Circuit, in reversing the lower court's decision that ERISA preempted a claimant's state-law claim for tortious invasion of privacy, noted that:

> Obviously, at some level [plaintiff's] tort claim relates to the plan….  But that cannot be the end of the analysis, either, for as we know, "[p]re-emption does not occur … if the state law has only a tenuous, remote, or peripheral connection with covered plans ….  Though there is clearly some relationship

HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

between the conduct alleged and the administration of the plan, it is not enough of a relationship to warrant preemption.

*Id.* at 983-84; *see also Denes v. Travelers Indemnity Co.*, No. C 07-4811 CW, 2008 WL 449879, *5-*6 (N.D. Cal. Feb. 15, 2008).

Similarly, in *Providence Health Plan v. Mcdowell*, 385 F.3d 1168, 1172 (9th Cir. 2004), the Ninth Circuit, in holding that a state-court breach of contract action was outside the ERISA preemption provision, noted that:

> In evaluating whether a common law claim has "reference to" a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival…. In determining whether a claim has a "connection with" an employee benefit plan, courts in this circuit use a relationship test. Specifically, the emphasis is on the genuine impact that the action has on a relationship governed by ERISA…. [Plaintiff's] action for breach of contract does not have the requisite "connection with" or "reference to" an ERISA plan. [Plaintiff] is simply attempting, through contract law, to enforce the reimbursement provision. Adjudication of its claim does not require interpretation of the plan or dictate any sort of distribution benefits.

*Id.*

In the case at hand, Sedgwick's claims for (i) trespass to chattels, (ii) trade libel, (iii) defamation and libel, and (iv) unfair competition, do not require interpretation of the GE Long-Term Disability Income Plan provided through MetLife, Inc., nor are these claims premised on the existence of an ERISA plan, and nor is the existence of the plan essential to the claims' survival. In fact, the plan has only the most tenuous of ties to Sedgwick's claims, that is Sedgwick's management of Delsman's claim, which is evidenced by Sedgwick's factual allegations. Accordingly, ERISA does not preempt them.

**D.     Sedgwick has Joined all Necessary Parties**

Delsman also claims, incorrectly, that Sedgwick's claims for (i) copyright infringement, (ii) interference with prospective economic advantage, (iii) trade libel, (iv) defamation and libel, and (v) unfair competition should be dismissed because Sedgwick has allegedly failed to join certain

1   unnamed "necessary parties". (Motion, pp. 6-11). All necessary parties, however, have been
2   joined to this lawsuit. As Courts in this district have stated:

> An absent party is necessary in two circumstances. First, if in the party's absence the Court is unable to accord complete relief to the parties present …. "Complete relief" in the context of Rule 19(a)(1) means that the existing parties can get meaningful recovery for their claims without multiple lawsuits on the same cause of action…. Thus, if a party can recover damages sufficient to compensate for his or her injuries from the defendants already in the action, additional parties that are also jointly and severally liable are not needed to afford complete relief…. Second, an absent party is necessary if disposition of the case without that party would as a practical matter impair his ability to protect his interests, or would subject existing parties to multiple or inconsistent obligations.

*A.D. v. CA Highway Patrol*, No. C 07-5483 SI, 2009 WL 733872, *2-*3 (N.D. Cal. March 17, 2009) (denying motion to dismiss for failure to join); *see also Mintel Learning Tech., Inc. v. Beijing Kaidi Edu.*, No. C 06-7541 PJH, 2007 WL 2288329, *12-*14 (N.D. Cal. Aug. 9, 2007) (denying motion to dismiss for failure to join because such a motion "requires the moving party to bear the burden in producing evidence in support of the motion" and moving party failed to do so). Delsman provides no evidence that either of these circumstances apply to any of Sedgwick's claims.

In addition, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit". *Mintel Learning*, *supra.*; *see also Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 205068, *2 (N.D. Cal. Jan 25, 2007) (noting that "all but one of plaintiff's claims sound in tort (… trademark infringement, unfair competition, and interference with economic advantage). … [T]he Supreme Court has held that '[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit'").

In the case at hand, regardless of whether Sedgwick has a claim against the unnamed "indispensable third party" referred to by Delsman on pages 6-7 and 10 of his Motion; this Court can accord complete relief to Sedgwick without such unnamed individual's joinder, and the disposition of this case will not affect said individual's ability to protect its interests.

1   With respect to the unnamed third party/parties that Delsman alleges mailed the post card postmarked from Medford, Oregon, and/or mailed the post card to Costco in Murray, Utah, (Motion, pp. 7-8), such party/parties, (if in fact they do exist), would play the role of joint tortfeasors together with Delsman, who created the relevant work product. As it is well established that not all joint tortfeasors need be named as defendants in a single lawsuit, *see, e.g., Oculus Innovative*, *supra.* at *2, such individual(s) need not be joined.

The "specific Plaintiffs listed in the Justia [*sic.*] Federal District Court filings and Dockets system" in connection with the cases filed against Sedgwick, (Motion, pp. 8-9) are not indispensable parties because the Sedgwick's claims relate *specifically* to Delsman's tortious behavior, and are not related to those other actions. Once again, therefore, the Court can accord complete relief to Sedgwick without such unnamed individuals' joinder, and the disposition of this case will not affect said individuals' ability to protect their interests.

Finally, the sick, disabled and injured persons whose work products are allegedly contained on Delsman's websites, blogs and editorials (Motion, pp. 9-10), are not indispensable parties because (i) Delsman has not articulated what, if any, claim Sedgwick has against them, therefore the Court can accord complete relief to Sedgwick without such unnamed individuals' joinder, and the disposition of this case will not affect said individuals' ability to protect their interests, and (ii) to the extent a claim against them would exist, such individuals would constitute joint tortfeasors, and not all joint tortfeasors must be joined in the lawsuit.

As such, Sedgwick has joined all necessary parties to its Complaint.

### E.   Venue in This Court Is Proper

Finally, Delsman alleges that Sedgwick's claim for interference with prospective economic advantage should be dismissed for improper venue because not all relevant acts took place within this jurisdiction. (Motion, p. 7). This is incorrect:

> Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute…. However, section 1391(b)(2) … does not require venue in the district with the most substantial contacts to the dispute. Rather, it is sufficient that a substantial

   part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere.

*CA Closet Co., Inc. v. Ebben*, No. C 08-0625, 2008 WL 1766767, *7 (N.D. Cal. April 15, 2008) (denying motion to dismiss for improper venue, even where it was alleged that all improper conduct "occurred in Wisconsin, and defendants reside in Wisconsin", because "all of plaintiff's claims arise out of the franchise agreement or the franchise relationship, which … have significant contacts with California").

  Here, Sedgwick's claims arise from Delsman's improper conduct, the majority of which took place in the Northern District of California.  Venue in this Court is proper.

### F. Plaintiff Has Not Violated 42 U.S.C. § 1981

  In addition, Delsman claims, albeit incorrectly, that Sedgwick has violated 42 U.S.C. § 1981.  (Motion, pp. 3-4).  The purpose of this allegation is not clear (other than to harass and defame Sedgwick), given that Delsman's motion does not appear to take the form of a counterclaim.  Regardless, however, Sedgwick wishes to respond to the allegation and note that it has not violated 42 U.S.C. § 1981.  42 U.S.C. § 1981:

> [P]rovides in relevant part that "[a]ll persons * * * shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed by white citizens."  42 U.S.C. § 1981.  Proof of intent to discriminate is necessary to establish a violation of section 1981…  Under section 1981, plaintiff must allege facts that would support an inference that defendants intentionally and purposefully discriminated against him.

*Tawfik v. Southwest Airlines, Inc.*, No. C-98-3263 VRW, 1999 WL 243619, *2 (N.D. Cal. April 22, 1999) (dismissing claim where plaintiff "failed to allege facts demonstrating or allowing an inference that defendant subjects persons of Arab and/or Middle Eastern origin to search more frequently or more harshly than Caucasian passengers.").

  Here, Delsman has not submitted any evidence of *any* facts that would permit an inference that Sedgwick denies minorities equal access to the internet (Motion, p. 3) or causes their work to be removed from the internet.  (Motion, p. 4).  Delsman's conclusory allegations are insufficient to

-13-

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  Case No. C 09-1468 SBA

state such a claim against Sedgwick, or to serve any purpose other than to defame Sedgwick.[8] *See, id.*

### CONCLUSION

For the reasons set forth above, this Court should deny Delsman's Motion in its entirety, and should award Sedgwick its attorneys' fees and any other relief this Court deems just and proper.

Dated: June 23, 2009                                  Respectfully submitted,

HARVEY SISKIND LLP
IAN K. BOYD
SETH I. APPEL

LOCKE LORD BISSELL & LIDDELL LLP
PAUL C. VAN SLYKE
GREGORY T. CASAMENTO

By: _____/s/_____
         Seth I. Appel

Attorneys for Plaintiff
SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

---

[8] Such defamation is merely a continuation of Delsman's previous hostile acts towards Sedgwick.